# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANTA RAMONE THOMAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-14-1044-D |
| | ) |
| PAYNE COUNTY JAIL, et al. | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee[1] appearing *pro se* and *in forma pauperis,* brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter has been referred to the undersigned Magistrate Judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review, it is recommended that this action be summarily **DISMISSED.**

### I. BACKGROUND

Plaintiff purportedly brings this action against the Payne County Jail and Bob Gronski. Complaint, 1 (ECF No. 1:1). However, other than listing it in the caption of the

---

[1] A check of the Oklahoma Department of Corrections website shows that Plaintiff is not currently in its custody, and so it appears that Plaintiff is a pretrial detainee. ODOC Inmate Locator, http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=559326&offender_book_id=335490 (accessed Nov. 21, 2014).

case, Plaintiff does not include the Payne County Jail as a Defendant in the body of the complaint or make any allegations against it. *See* Complaint, 1-6 (ECF No. 1:1-6). Moreover, he alleges that Defendant Gronski, a detention officer for the Payne County Jail, was *not* acting under color of state law when the acts complained of occurred. Complaint, 1 (ECF No. 1:1).

Plaintiff alleges that on September 9, 2014, Defendant Gronski "grabbed me by my left ankle and snatched me off my bunk to the floor in which resulted in me injuring my right shoulder." Complaint, 2 (ECF No. 1:2). He alleges that he and Defendant Gronski had "had words before but I never thought it would result to this." Complaint, 2 (ECF No. 1:2). He alleges that he has previously sought administrative relief, but that "no results or [answers] have been [executed]." Complaint, 5 (ECF No. 1:5). As relief, Plaintiff seeks "pain and suffering, mental anguish, and doctor bills." Plaintiff does not specifically refer to monetary damages, but that appears to be the only relief he seeks. Complaint, 5 (ECF No. 1:5).

**II. SCREENING REQUIREMENT**

The Court must review each complaint brought by a prisoner (a) with respect to prison conditions; or (b) who is proceeding *in forma pauperis. See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## III. DISCUSSION

First, it is recommended that any claims against the Payne County Jail be dismissed. Although claims against the Payne County Jail could be dismissed due to the lack of any allegations against it, a county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law. Thus, even if Plaintiff amended to make allegations against the Payne County Jail—assuming that such allegations that would survive preliminary review—the jail cannot be sued in this Court. *Lindsey v. Thomson,* No. 06–7114, 2007 WL 2693970 at *3 (10th Cir. Sept. 10, 2007) (unpublished op.) (affirming dismissal of § 1983 claims against police departments and county sheriff's department because they are entities with no apparent legal existence); *see e.g. White v. Utah,* No. 00–4109, 2001 WL 201980 at *1 (10th Cir. March 1, 2001) (unpublished op.) (affirming dismissal of county jail because no state law supported directing a cause of action directly against a county's subdivisions, including its jails).

Second, it is recommended that Plaintiff's claims against Defendant Gronski be dismissed for lack of subject matter jurisdiction. In order to bring suit under § 1983, a plaintiff must allege facts showing that the defendant acted under color of state law. *Lay v. Otto*, 530 F. App'x 800, 802 (10th Cir. 2013) ("This element is 'a jurisdictional requisite for a § 1983 action.'") (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 315 (1981)). As noted, Plaintiff clearly alleges that Defendant Gronski was *not* acting under color of state law at the time of the incident that forms the basis for his action.

Although this defect could be cured by amendment, and dismissal with leave to amend is recommended, Plaintiff must be aware of the pleading requirements applicable to a case such as this. Although Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, it is well-established in this Circuit that because § 1983 defendants often include a governmental entity and numerous state actors, "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her ...." *Gray v. University of Colo. Hosp. Auth.,* 672 F.3d 909, 921–22, n. 9 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008)) (emphasis in original). "To provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of 'each defendant.'" *Id.* It is also important to state in what capacity each defendant was acting, whether individual or official. Individual capacity actions implicate defenses such as qualified immunity, where an official capacity[2] action is the same as an action against the entity represented by a defendant. Accordingly, without alleging

---

[2] A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiffs." *Bryson v. City of Okla. City,* 627 F.3d 784, 788 (10th Cir. 2010). It may only be held liable under § 1983 "for its own unconstitutional or illegal policies." *Barney v. Pulsipher,* 143 F.3d 1299, 1307 (10th Cir. 1998). A plaintiff must therefore "identify 'a government's policy or custom' that caused the injury." *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 769 (10th Cir. 2013) (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691–92 (1978)). Thus, if Plaintiff amends to make allegations against Defendant Gronski in his official capacity, he must be mindful of these requirements.

the capacity in which each defendant acts, a defendant is not put on notice as to the nature of a plaintiff's § 1983 claim.

### IV. RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that this action against Defendant Gronski be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. However, because this defect can potentially be cured, it is recommended that the dismissal be with **LEAVE TO AMEND.** It is further recommended that Plaintiff's claim against Defendant Payne County Jail be **DISMISSED.** The Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **December 11, 2014.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on November 24, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE