IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANTA RAMONE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-1044-D |
| ) | |
| PAYNE COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued November 24, 2014, by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial screening, Judge Erwin recommends that Plaintiff's action under 42 U.S.C. § 1983 be dismissed with prejudice as to the Payne County Jail, which is not a legal entity, and that the action be dismissed without prejudice as to the individual defendant, Bob Gronski, for lack of subject matter jurisdiction.

The case file reflects that Plaintiff has neither filed a timely objection nor requested additional time to do so, although he was expressly advised of his right to object and the consequences of failing to object. The Court notes from a docket notation by the Court Clerk that the mailing of Plaintiff's copy of the Report was returned as undeliverable. The Court finds this fact provides no basis for an exception to the court of appeals' "firm waiver rule" because Plaintiff is responsible for giving notice of any change of address. *See Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999) (*pro se* plaintiff who failed to provide any change of address or address correction waived right to review by

failing to make a timely objection); *see also* W.D. Okla. R. LCvR5.4(a) (requiring written notice of a change of address). Therefore, the Court finds that Plaintiff has waived further review of the issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Further, upon consideration of the Report, the Court fully concurs in Judge Erwin's analysis and conclusions. Plaintiff cannot sue the Payne County Jail, assuming he could make any allegations against it, and the Complaint fails to allege the essential state-actor element of a § 1983 claim against Mr. Gronski. Because this latter pleading defect is potentially curable, Plaintiff should have an opportunity to file an amended complaint.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is ADOPTED. Plaintiff's claim against Defendant Payne County Jail is DISMISSED WITH PREJUDICE, and his claim against Defendant Bob Gronski is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint against Mr. Gronski within 14 days from the date of this Order. Absent a timely amendment, this action will be dismissed.

IT IS SO ORDERED this 15th day of December, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE